UNITED STATES, Appellant
v.
RICHARD LEE GOODSON, Personnel Man Seaman,
U. S. Navy, Appellee
1 USCMA 298, 3 CMR 32

CDR. Malcom J. Bradbury, USN, for Appellant.
LCDR. Robert H. McCarthy, USNR, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Petitioner, upon trial by special court-martial on charges of absence without leave and failure to obey a lawful order, pleaded guilty and was sentenced to a bad-conduct discharge, confinement for 5 months, and partial forfeiture of pay for 5 months. Navy reviewing authorities approved but reduced the confinement and the forfeiture, and suspended the bad-conduct discharge. The Navy board of review set aside the findings and sentence on the ground that a non-commissioned warrant officer served as trial counsel. The case was certified to us by The Judge Advocate General of the Navy on the following issue:

"Was the special court-martial without jurisdiction, and the proceedings therefore invalid, because the appointed trial counsel who acted in this case was not an officer within the meaning of Article 1(5), Uniform Code of Military Justice?"

The record of trial shows that the accused was tried on November 14, 1951 by a special court-martial appointed by the Commanding Officer, U. S. Naval Receiving Station, Seattle, Washington, in his appointing order dated August 7, 1951. The order constituting the court provided for five named members and:

"PACT Arthur H. Roehl, U. S. Navy —Trial Counsel. Not a lawyer in the sense of Article 27. . . .

SCLK Allan A. Young, U. S. Navy— Defense Counsel. Not a lawyer in the sense of Article 27."

Article 1(5), Uniform Code of Military Justice, 50 U.S.C. § 551, provides:

" 'Officer' shall be construed to refer to a commissioned officer including a commissioned warrant officer."

The question before us in this case is whether or not the appointment of Pay Clerk (Acting) Roehl, not an officer within the meaning of the Code, as trial counsel in this special court-martial case had the effect of depriving the court of jurisdiction. It will be noted at the outset that this case is, in some respects, similar to United States v. Hutchison, (No. 425), 1 USCMA 291, 3 CMR 25, decided April 9, 1952. There, it was the assistant defense counsel who was a non-commissioned warrant officer.

We are urged by appellate defense counsel that a failure to appoint as trial counsel an officer within the meaning of Article 1(5), supra, constitutes a jurisdictional defect. It should be noted at the outset that there is here no question of a disparity of counsel. See Manual for Courts-Martial, 1951, Paragraph 61(f). Both defense and trial counsel were non-commissioned warrant officers when appointed and neither of them was qualified in the sense of Article 27(b), 50 U.S.C. § 591. Ship's Clerk Young, the appointed defense

counsel was appointed to commissioned warrant rank prior to the trial. Such disparity as there was, therefore, weighed in favor of and not against the accused.

It is true that courts-martial are special tribunals existing only through statutory authorization as ▆▆▆▆ ▆ provided by Congress. Being special tribunals and not courts of general jurisdiction, strict compliance with each step in attaining jurisdiction must be shown. Carter v. Woodring, 92 F 2d 544 (C.A.D.C. Cir.); McClaughry v. Deming, 186 U. S. 49, 62, 63, 46 L ed 1049, 1055, 22 S Ct 786. It does not, however, follow that every violation of a statutory provision in connection with the formation and proceedings of a court-martial will be considered a jurisdictional defect. United States v. May, (No. 241), 1 USCMA 174, 2 CMR 80, decided February 13, 1952; Humphrey v. Smith, 336 U. S. 695, 93 L ed 986, 69 S Ct 830. In the words of the Supreme Court, it must be determined whether the statutory provisions involved constitute an "indispensable prerequisite" to the exercise of court-martial jurisdiction. Humphrey v. Smith, supra, at 697.

There is nothing in the Uniform Code of Military Justice which expressly requires that appointed counsel be officers. Article 27, supra, is the sole Code reference to the appointment of counsel, and it provides in pertinent part as follows:

"For each general and special court-martial the authority convening the court shall appoint a trial counsel and a defense counsel, together with such assistants as he deems necessary or appropriate."

Paragraph 6 of the Manual does, however, make it clear that officers should be appointed as trial and defense counsel. The "Legal and Legislative Basis, Manual for Courts-Martial, U.S., 1951" states in discussing Paragraph 6(c) at page 24:

"As to qualifications of counsel of special courts-martial, the word 'officer' instead of 'person' has been used in the text, affirmatively limiting the class of persons to be appointed as counsel of inferior courts."

The Manual language may be interpreted as adding an additional requirement to those contained in the Code, or it may be interpreted as merely making clear the intent of the Code. We think the latter view is more persuasive. It has long been the custom in the service to appoint officers only to serve as counsel in military courts-martial. Congress must have been aware of this long-standing custom when it enacted the Uniform Code. We cannot assume that Congress intended to vest in the convening authority power to appoint any enlisted person to serve as counsel. We therefore hold that there is implicit in the Code the requirement of the Manual that appointed counsel of inferior courts-martial be an officer in the sense of Article 1(5) of the Code, supra.

It does not automatically follow that a failure to appoint an officer deprives the court of jurisdiction to proceed in the case. As already noted, it is not every provision of the Code that reaches the level of a jurisdictional requirement. It is neither necessary nor desirable that we set out explicitly here those provisions which may be jurisdictional and those which are not. It is sufficient that we deal only with the problem before us. The Code provides no concept of justice which makes it essential to the rights of the accused that Government counsel possess certain qualifications. Even the appointment of a warrant officer to serve as defense counsel cannot irrevocably harm the accused. He is entitled to select counsel of his own choice, and may object to being defended by the person appointed if he desires to do so. Reviewing authorities can always reverse convictions where failure to appoint an officer has substantially injured the accused. There is nothing in the legislative history of the Code which supports the contention that Congress intended that conviction after a fair trial should be nullified merely because appointed trial counsel was not a commissioned officer. We are persuaded by the above factors that Congress did not intend to

make otherwise valid court-martial judgments wholly void merely because of a technical non-compliance with a provision of the Code which is not an "indispensable prerequisite" to concepts of military justice and a fair trial.

Even though the defect we are considering is not jurisdictional, it follows from what we have said above that error was committed by the appointment of a non-commissioned warrant officer as trial counsel. Paragraph 6 of the Manual prohibits this action. It remains to assess the prejudicial effect of this appointment. As we have constantly reiterated, it is not every error which will cause reversal—prejudice must be shown. It is difficult to see how an accused in any case could be harmed by a warrant officer serving as counsel for the Government. Here the accused pleaded guilty to a minor offense which further lessens the possibility of prejudice.

Answering the question certified by The Judge Advocate General of the Navy, we hold that this special court-martial did not lose jurisdiction by virtue of the fact that a non-commissioned warrant officer was appointed to serve as trial counsel. This appointment constituted error, but did not substantially prejudice the accused. Accordingly, the decision of the board of review is reversed and the case is returned to The Judge Advocate General of the Navy for further appropriate action.

Judges LATIMER and BROSMAN concur.