UNITED STATES, Appellant

v.

EDWARD ENGLISH PULLIAM, Fireman Apprentice,
U. S. Navy, Appellee

3 USCMA 95, 11 CMR 95

No. 2580

Decided July 17, 1953

CDR E. C. Gordon, USN, for Appellant.
CAPT P. H. Williams, USMCR, for Appellee.

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused, upon his plea of guilty was convicted by special court-martial of absence without leave in violation of Article 86, Uniform Code of Military Justice, 50 USC § 680, and sentenced to a bad-conduct discharge, confinement at hard labor for three months and a partial forfeiture of pay for a like period. The convening authority approved the sentence, suspending the execution of the bad-conduct discharge for six months, with a further provision for its remission upon the accused's release from confinement. For reasons hereinafter more fully described, the board of review disapproved the findings and sentence and The Judge Advocate General of the Navy has certified the following question to this Court:

"Did the special court-martial lose jurisdiction in this case as a matter of law, because a junior member acted as president?"

The special court-martial originally consisted of three officers, Lieutenant Commander Whitaker, Lieutenant Holland, and Lieutenant Armstrong. Each member was present for the trial of the accused and Lieutenant Commander Whitaker presided while the qualifications of counsel were determined and the court was sworn. As president, he then administered the prescribed oaths to the personnel of the prosecution and the defense. Thereafter he was peremptorily challenged by the accused and withdrew. Lieutenant Armstrong, although junior in rank to Lieutenant Holland, assumed the functions of the president, recessed the court and reported to the convening authority that the court was reduced below the minimum number required by Article 16(2) of the Code, 50 USC § 576. An additional member was then appointed. When the court reconvened, Lieutenant Armstrong continued to act as president and signed the record of trial in that capacity.

The board of review, with one mem-

96

ber dissenting, declared that the failure of the senior officer present to serve as president of the court-martial constituted jurisdictional error, and the proceedings held after the withdrawal of Lieutenant Commander Whitaker were invalid.

There can be no doubt that the failure of the senior officer present to preside at the trial was error for it violated the express provisions of paragraph 40a, Manual for Courts-Martial, United States, 1951. These provisions are as follows:

> "The senior in rank among the members appointed to a general or special courts-martial is the president; however, the senior member present at a trial, whether or not he is the senior member appointed to the court, is president of the court for the trial of that case. . . ."

It does not necessarily follow from this that the error affected the jurisdiction of the court, nor resulted in substantial prejudice to the accused.

In the instant case the special court-martial was appointed by an officer authorized to convene it under Article 23 of the Code, 50 USC § 587; it was properly constituted with respect to the number and eligibility of its members under Articles 16(2) and 25, 50 USC §§ 576, 589, respectively; and finally, it had jurisdiction of the accused under Article 2(1), 50 USC § 552, and of the offense under Article 19, 50 USC § 579. All jurisdictional requirements of the Code were therefore complied with, and no "jurisdictional error", as that term is generally understood, is present. See paragraph 8, Manual for Courts-Martial, United States, 1951. Grafton v. United States, 206 US 333, 51 L ed 1084, 27 S Ct 749; Humphrey v. Smith, 336 US 695, 93 L ed 986, 69 S Ct 830; Hiatt v. Brown, 339 US 103, 94 L ed 691, 70 S Ct 495.

The functions assigned to the president of a special court-martial as outlined in paragraph 40b of the Manual, supra, do not entail the exercise of special talents or attributes not found in court members generally. The only consideration is that of senority in rank. Any court member, regardless of legal or other training, and regardless of his actual rank, may serve as president of a court if he is, in fact, senior in rank to the other members. With the exception of the administration of oaths, not here involved, these functions are performed in the name of the court. Since his rulings on interlocutory questions are subject to objection by any member he has no separate authority solely as president.

> ". . . . He can make no ruling as to testimony or otherwise, and can announce a ruling only as a conclusion of the court. He can neither act independently of the court, nor can he act against the will of a majority of the court. . . ." (Winthrop, Military Law and Precedents, 2d ed., 1920 Reprint, page 171.)

Under these circumstances there was no departure from some "creative and indwelling principle," or from "some critical and basic norm operative in the area under consideration," requiring application of the doctrine of general prejudice. See United States v. Lee (No. 200), 1 USCMA 212, 2 CMR 118, decided March 13, 1952; United States v. George C. Berry (No. 69), 1 USCMA 235, 2 CMR 141, decided March 18, 1952; United States v. Woods and Duffer (No. 1023), 2 USCMA 203, 8 CMR 3, decided February 19, 1953.

Article 51 of the Code, 50 USC § 626, prescribes three functions of the president of a special court-martial:

1. Checking the votes of the members and announcing the result of the ballot;

2. ruling upon interlocutory questions other than challenges arising during the proceedings;

3. instructing the court as to the essential elements of the offense, the presumption of innocence, reasonable doubt and burden of proof.

It is evident that the first duty is purely ministerial and does not constitute such an "indispensable prerequisite" to the concepts of military justice and a

fair trial as to require a holding that the proceedings were invalid in the absence of compliance. United States v. Goodson (No. 424) 1 USCMA 298, 3 CMR 32, decided April 14, 1952. As indicated above, the second duty is █ not independently exercised by the president and non-compliance with the letter of the Code in this particular cannot be held to violate concepts of military justice, or of a fair trial. In view of the accused's plea of guilty in this instance, we need not determine the effect of instructions given by a junior officer. It is sufficient to note that the instructions actually given fully describe the elements of the offense, the presumption of innocence, reasonable doubt, and burden of proof as required by Article 51(c), supra. If, in fact, no instructions at all were given, no prejudice to the substantial rights of the accused would have resulted. United States v. Lucas (No. 7), 1 USCMA 19, 1 CMR 19, decided November 8, 1951.

It follows from this that we must consider the effect of the error in the light of Article 59(a) of the Code, 50 USC § 646, providing that:

"A finding of sentence of a court-martial shall not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused."

Tested by the standard established by the Supreme Court in Kotteakos v. United States, 328 US 750, 764–765, 90 L ed 1557, 66 S Ct 1239, adopted by this Court in United States v. Lucas, supra, the error involved had no substantial influence upon the outcome of the trial itself. No error is found in any ruling made during the course of the trial or in the instructions to the court at the conclusion thereof. The accused makes no claim that the record is either incomplete or does not accurately reflect the proceedings actually held.

Consequently, our answer to the question certified is that the special court-martial did not, as a matter of law, lose jurisdiction in this case because a junior member acted as president. We further find that there was no substantial prejudice to the rights of the accused.

The record is returned to The Judge Advocate General of the Navy for further action not inconsistent with the views herein expressed.

Judges LATIMER and BROSMAN concur.