UNITED STATES, Appellant

v.

DELMAR DALE PEASE, Seaman, U. S. Navy, Appellee

3 USCMA 291, 12 CMR 47

CAPT C. F. Schwarz, USMCR, for Appellant.
CAPT Francis C. Foley, USMCR, for Appelee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The United States Naval Harbor Unit, Fort Worden, Washington, and the United States Naval Barracks, United States Naval Base, Bremerton, Washington, are activities under the command supervision of the Commander, United States Naval Base, Bremerton, Washington. The officer in charge of the Harbor Unit is superior in rank to the commanding officer of the Naval Barracks. However, the former is without authority to convene special courts-martial, while the latter has such authority under Article 23, Uniform Code of Military Justice, 50 USC § 587. The accused, a member of the Harbor Unit, absented himself without leave from that organization for a period of twelve days. Upon his return, charges alleging a violation of Article 86 of the Code, supra, 50 USC § 680, were preferred by an enlisted man in the grade of store-keeper, first class, and sworn to before the Assistant Officer-in-Charge, who was qualified to administer oaths. Thereafter, he was transferred to the Naval Barracks. Four days later the commanding officer of the Naval Bar-

racks referred the charge for trial by special court-martial. Seven days after this reference, the court convened for the trial of the accused. At the trial the accused challenged the jurisdiction of the court by a motion to dismiss, alleging the convening authority was not competent to appoint a court-martial in this instance because he was not superior to the officer in charge of the Harbor Unit, nor was he in the chain of command. This motion was overruled, and, upon his plea of guilty, the accused was convicted of the offense charged. With evidence of three previous convictions before it, the court sentenced the accused to a bad-conduct discharge, confinement at hard labor for two months, and partial forfeitures for a like period. The convening and supervisory authorities approved the sentence, but the latter suspended the execution of the punitive discharge for the period of confinement and for six months thereafter. Finding as a fact that the transfer was effected solely for the purpose of trial, the board of review held that the convening authority lacked the power to convene the court.

Accordingly, it set aside the sentence and ordered a rehearing. The Judge Advocate General of the Navy then certified the following question for determination by this Court:

"Whether the special court-martial was without jurisdiction to try the accused in this case?"

The board's determination that the court was without jurisdiction was predicated upon its findings that the convening authority was not in the chain of command of the accused's commanding officer at the time the charge was originally preferred, and was junior in rank to him. It arrived at the conclusion that these elements were indispensable according to its understanding of the decision of this Court in United States v. LaGrange and Clay, 1 USCMA 342, 3 CMR 76, decided April 24, 1952, and the provision of paragraph 33*i* of the Manual for Courts-Martial, United States, 1951.

Paragraph 33, *supra,* provides:

"Upon the receipt of charges or information that a member of his command has committed an offense punishable by the code, the officer exercising summary court-martial jurisdiction over the accused will . . . *ordinarily* dispose of the case in the following manner:

. . . . . .

"*i.* Forwarding charges. — When trial by a special or general court-martial is deemed appropriate, and he is not empowered to convene such a court for the trial of the case (5*a, b*), he will forward the charges and necessary allied papers (*ordinarily through the chain of command*), to the officer exercising the appropriate kind of court-martial jurisdiction. . . . ." [Emphasis supplied].

By their very terms, these provisions are merely suggested methods of processing charges, *ordinarily to be followed.* They are by no means inflexible mandates or indispensable requisites of military justice. Therefore, should good cause exist, a commanding officer is free to take other measures to bring an accused to trial, provided the Code is complied with. Of course, if the disability of the commanding officer results from the fact that he is the accuser, the charges *must* be referred to a superior competent authority. In United States v. LaGrange and Clay, *supra,* we were faced with a situation involving a commanding officer disqualified because of his status as an accuser. Under these circumstances, we declared, Article 23 (*b*) of the Code, *supra,* requires that the court be convened by one superior to the accuser, in order to eliminate any improper influence of command control. In the instant case, the officer-in-charge of the Harbor Unit was not the nominal accuser, nor are we aware of any actions on his part indicating that his interest in the case was other than official. Under these circumstances, we perceive no such possibility of improper command influence as was present in United States v. LaGrange and Clay, *supra.* See United States v. Grow, 11 CMR 77, 3 USCMA 77, decided July 17, 1953. Consequently, the officer-in-charge was free to arrange for the accused's trial in an appropriate manner. In this instance it appears that it was accomplished by transferring the accused to the command of an officer authorized to convene a special court-martial under Article 23(*a*) of the Code, *supra;* the court convened by this officer was properly constituted with respect to the number and eligibility of its members under Articles 16(2) and 25, 50 USC §§ 576 and 589; and had jurisdiction of the accused under Article 2(1), 50 USC § 552, as well as of the offense under Article 19, 50 USC § 579. Each indispensable requisite of jurisdiction was met. The court was empowered to hear and determine the case, and to render a valid judgment. Paragraph 8, Manual for Courts-Martial, United States, 1951; United States v. Pulliam, 3 USCMA 95, 11 CMR 95, decided July 17, 1953.

Accordingly, our answer to the question certified by The Judge Advocate General of the Navy is that the court had jurisdiction in this case.

The decision of the board of review is reversed, and the case is returned to The Judge Advocate General of the

Navy for further action consistent with the views expressed herein.

Judges LATIMER and BROSMAN concur.