UNITED STATES, Appellee

v

JOHN S. PAYNE, Basic Airman, U. S. Air Force, Appellant

9 USCMA 40, 25 CMR 302

No. 10,863

Decided March 14, 1958

*Lieutenant Colonel Ellis L. Gottlieb* and *Lieutenant Colonel Robert O. Rollman* were on the brief for Appellant, Accused.

*Lieutenant Colonel Robert W. Michels* and *Lieutenant Colonel John F. Hannigan* were on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A special court-martial convicted the accused of wrongfully using provoking speech, in violation of Article 117, Uniform Code of Military Justice, 10 USC § 917. On the basis of four previous convictions by summary courts-martial within one year of the date of the commission of the offense charged,[1] the court sentenced the accused to a bad-conduct discharge, partial forfeiture, and confinement at hard labor for six months. Executive Order 10565, September 28, 1954, 19 FR 6299. In his post-trial review of the sentence, the staff judge advocate to the supervisory authority referred to other acts of misconduct by the accused which were set out in "evaluation" statements by the accused's commander and other persons.

Apparently the accused was not accorded an opportunity to dispute or to explain the new adverse matter included in the staff judge advocate's advice. On appeal, appellate defense counsel contended that the omission prejudiced the accused in regard to the sentence approved by the supervisory authority.

See United States v Lanford, 6 USCMA 371, 20 CMR 87. However, the board of review held that, with the exception of certain matter obtained from the accused, "none of the information . . . concerned matters relating to the offense of which . . . [the accused] has been found guilty." It, therefore, concluded that opportunity to meet the adverse matter did not need to be given to the accused. This determination is based on too narrow a reading of our decisions in this area. See United States v Lanford, supra; United States v Long, 5 USCMA 572, 18 CMR 196. The board of review, therefore, erred in its consideration of the sentence. It should either have returned the record of trial to the supervisory authority for appropriate corrective proceedings, or assessed the sentence in the light of the error in the staff judge advocate's review. United States v Griffin, 8 USCMA 206, 24 CMR 16.

The decision of the board of review as to the sentence is reversed. The record of trial is returned to The Judge Advocate General of the Air Force for

---

[1] Three of the previous convictions were on a charge alleging a violation of a general regulation. One of them also includes a charge of making a false official statement to a commissioned officer, with the intent to deceive.

submission to the board of review for further proceedings on the sentence in accordance with this opinion.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

This was a special court-martial case, and the staff judge advocate's review is comprehensive and complete. As stated in the Court's opinion, there are some evaluations by officers who were familiar with the character of accused's service that are not flattering. Generally, they are opinions founded on his service behavior, and I doubt that they are subject to question. Four of the offenses referred to by them were admitted in evidence before sentence, and those adequately support their conclusion that the accused's retention in the service was not advisable. The other details are largely confined to traits which would be reflected by the nature of the offense committed by him. However, for my purposes, I need not dwell on that subject, for I do not believe he is entitled to relief at this level. In United States v Lanford, 6 USCMA 371, 20 CMR 87, we specifically held that an accused could meet this kind of an issue at the board of review level if he felt aggrieved by reviewing authorities using information which was not reflected in the transcript of trial. Here, accused was represented by qualified counsel before the board of review who specifically assigned as error the comments of the staff judge advocate but, significantly enough, neither the accused nor his counsel even suggested that they cared to offer any information in opposition to the comments of the evaluating officers. Counsel cannot plead ignorance of our holding in Lanford, for his brief before the board was signed on September 4, 1957, and Lanford was decided some two years prior thereto.

Furthermore, in his brief filed with us, the accused does not contend that there is one item mentioned which he can or desires to dispute. He relies on the bare assertion that he was not given an opportunity to challenge the comments prior to the time the convening authority reviewed the record. My answer to that is that he had an opportunity to do so at the board level but, for reasons best known to him, he failed to avail himself of that chance.

It may well be that in some cases an accused might be prejudiced by not having been given an opportunity to have a convening authority consider his refutation of derogatory matters. But this is not a case which falls in that category for at least four reasons. First, any derogatory information in the review is limited to accused's military record, and he would know that any reviewing authority passing on his sentence would give consideration to his military standing and character. Second, sufficient evidence is in the transcript of the trial to show the improbability of the accused receiving a suspension of his punitive discharge or a reduction of his confinement. Third, the conduct mentioned by the evaluating officer is founded on accused's performance of military duties, Article 15 punishments, and previous convictions with which he would be all too familiar, and service of the report on him would be a mere formality. Fourth, most, if not all, of the deterimental information was discussed with the accused, and he was afforded an opportunity to admit, deny, or explain his misbehavior.

When I find those conditions in a record and when I further find that an accused fails to make timely use of a forum which has the power and duty to give him relief, I conclude he has had his day on review.

I would affirm the decision of the board of review.