UNITED STATES, Appellant

v

MICHAEL T. WHITNEY, Seaman, U. S. Navy, Appellee

No. 27,805

April 19, 1974

*Lieutenant Joseph Evans O'Leary,* JAGC, USNR, argued the cause for Appellee, Accused.

*Lieutenant Christopher H. Mills,* JAGC, USNR, argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel L. K. O'Drudy, Jr.,* USMC.

## OPINION OF THE COURT

FERGUSON, Senior Judge:

This case has been certified here on the question whether the United States Navy Court of Military Review was correct in determining that a nonverbatim record of trial cannot support a punitive discharge despite an accused's explicit waiver of his right to a verbatim record. We answer the certified question in the affirmative and affirm the decision of the Court of Military Review.

The appellee was tried on September 18, 1973, and, following his pleas of guilty, was sentenced to a bad-conduct discharge, forfeiture of $100 per month for 6 months, confinement at hard labor for 3½ months, and reduction to pay grade E-1. Although a reporter apparently was present and took verbatim notes of the proceedings, only a summarized record was prepared. It consists of two mimeographed pages in which appropriate blanks have been filled, the usual convening orders, the charge sheet on which the appellee was arraigned, and an authentication page.

On September 19, 1973, the appellee, after full advice by his lawyer defense counsel, executed a waiver of his right to a verbatim transcript of the record and expressed his complete satisfaction with the summarized record. He noted that his waiver was not a condition of his pretrial agreement with the convening authority, but resulted from being convinced that there were no appellate issues in the case and from his desire to enter immediately on terminal leave, which could not be granted until after the supervisory authority took his action on the record. The appellee believed that preparation of a verbatim record would unduly delay the commencement of that leave.

On September 26, 1973, the convening authority approved only so much of the sentence as provided for bad-conduct discharge and reduction to pay grade E-1. On October 2, 1973, the supervisory authority approved the sentence as thus reduced by the convening authority. The Court of Military Review set aside the bad-conduct discharge on the basis that the record was not verbatim.

Article 19, Uniform Code of Military Justice, 10 USC § 819, is entitled "Juris-

48

diction of special courts-martial," and provides in part that, in such a court-martial:

A bad-conduct discharge may not be adjudged unless a complete record of the proceedings and testimony has been made, counsel having the qualifications prescribed under section 827(b) of this title (article 27(b)) was detailed to represent the accused, and a military judge was detailed to the trial, except in any case in which a military judge could not be detailed to the trial because of physical conditions or military exigencies.

The statute seems clearly to require three things before a special court-martial may adjudge a punitive discharge: (1) lawyer-counsel for the accused; (2) a military judge in usual circumstances; and (3) a complete record of the trial proceedings. The last requirement, as we have heretofore held, contemplates a substantially verbatim transcript of the proceedings. United States v Thompson, 22 USCMA 448, 47 CMR 489 (1973); United States v Whitman, 3 USCMA 179, 11 CMR 179 (1953).

In *Whitman,* we pointed out that, without the support of a verbatim transcript, the discharge portion of the sentence was illegal. 3 USCMA at 181, 11 CMR at 181. In *Thompson,* we reiterated that holding and stated that *Whitman* "dealt with the lack of power on the part of the [special] court-martial to impose the sentence it did." United States v Thompson, supra, at 452, 47 CMR at 493. See also paragraph 83a, Manual for Courts-Martial, United States, 1969 (Rev).

These authorities would seem to settle the issue before us, for their interpretation of Article 19 unquestionably establishes that a special court-martial is without jurisdiction to adjudge a bad-conduct discharge unless a verbatim record of the proceedings and testimony has been made. But the Government contends that the reporter in fact made a verbatim record of the proceedings and testimony and that the court thus had jurisdiction to impose the discharge. It then argues that the appellee waived the record's transcription and urges us so to construe Article 19 as to make that waiver effective in view of the safeguards of legally qualified counsel and appointment of military judges added to the article in the 1968 amendments to the Uniform Code.

The Government's view of Article 19 requirements of a complete record is too narrow. First, we note there is nothing in the legislative history of the 1968 amendments to the Code that indicates a desire on the part of the Congress to lessen the safeguards with which it surrounded a special court-martial's power to impose a bad-conduct discharge. On the contrary, it added two additional protections for the accused, namely, his entitlement to legally qualified counsel and the appointment where possible of a military judge. Significantly, despite this Court's holding in United States v Whitman, supra, it did not change any of the requirements relating to the necessary record of the proceedings.

Moreover, Article 19 cannot be read by itself, insofar as records of trial are concerned. The enactment of the Uniform Code stemmed from a great deal of public and professional dissatisfaction with the administration of military justice in World War II. It was designed to set up a comprehensive new system of safeguards for the accused at all levels, from the pretrial actions of the investigators to final review by this Court. It provided a system of automatic appellate review for courts-martial, the extent of which depends on the sentence adjudged. See Articles 66 and 69, UCMJ, 10 USC §§ 866 and 869. Any case involving a bad-conduct discharge was and is required to be reviewed by a Court of Military Review.

Keyed into this requirement for automatic appellate review of cases involving such a serious sentence is the accompanying requirement for a verbatim record. Articles 19 and 54, UCMJ, 10 USC §§ 819 and 854. Thus, Article 19 was intended to have "provided that if there is a discharge for bad conduct a complete record must be made so that it can be reviewed" and Article 66 to have provided for the review of such cases in a manner similar to general courts-martial. Hearings on HR 2498 Before a Sub-

comm of the House Comm on Armed Services, 81st Cong, 1st Sess 963 (1949). In short, "[i]f there was a bad conduct discharge adjudged as a portion of the sentence, a complete question and answer transcript must go up for complete review." *Id.* at 967.

Thus, the Government errs in its contention that the existence of the reporter's notes was sufficient to constitute a "complete record" on which the adjudication and approval of a punitive discharge might rest. Congress intended something more, and that something is the transcription of the record and its forwarding for ultimate automatic review by the Court of Military Review. Absent such a record, no bad-conduct discharge can properly be approved. United States v Thompson, supra; United States v Whitman, supra.

These authorities leave little doubt that the existence of such a record is a jurisdictional prerequisite for the continued validity of a sentence to the punitive discharge. As such, it cannot be waived by an accused. United States v Long, 5 USCMA 572, 18 CMR 196 (1955). While, in this case, the verbatim notes apparently existed and it was open to the Court of Military Review to return the inadequate record before it for preparation of a proper transcript, it was also within its discretion to cure the defect by disapproval of the bad-conduct discharge. United States v Thompson, supra. As it did so, the certified question is properly to be answered in the affirmative.

The decision of the U. S. Navy Court of Military Review is affirmed.

Chief Judge DUNCAN and Judge QUINN concur.