## UNITED STATES, Appellant

v

## ALVIN L. CHOICE, Private First Class, U. S. Army, Appellee

No. 28,735

February 28, 1975

*Captain Nancy M. Giorno* argued the cause for Appellant, United States. With her on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen,* and *Captain Steven M. Werner.*

*Captain Sammy S. Knight* argued the cause for Appellee, Accused. With him on the brief were *Colonel Victor A. DeFiori* and *Captain Leland M. Stenehjem, Jr.*

### OPINION OF THE COURT

Cook, Judge:

The trial of accused by military judge sitting alone as a special court-martial has resulted in his being found guilty of an extended illegal absence and a sentence that includes a bad-conduct discharge, confinement at hard labor for 4 months, and reduction in grade. The Army Court of Military Review, however, set aside the action of approval by the convening authority because the staff judge advocate who prepared the post-trial review had testified as a wit-

ness at accused's trial. A new review and action by a different staff judge advocate and convening authority were ordered. These actions are the subject of two questions which have been certified for review by the Acting Judge Advocate General of the Army:

## I

WAS THE COURT OF MILITARY REVIEW CORRECT IN DETERMINING THAT THE STAFF JUDGE ADVOCATE ERRED WHEN HE PREPARED THE REVIEW OF A CASE IN WHICH HE PARTICIPATED AS A WITNESS ON BEHALF OF THE DEFENSE?

## II

IF THE FIRST CERTIFIED ISSUE IS AN-SWERED IN THE AFFIRMATIVE, DID THE COURT OF MILITARY REVIEW CIRCUM-VENT THE PROVISIONS OF ARTICLE 59(a) BY RETURNING THE RECORD OF TRIAL FOR A NEW REVIEW AND ACTION WITH-OUT A FINDING OF PREJUDICE?

The issues presented are incident to a defense motion made at the opening session of court to dismiss the charges on the grounds that accused had been denied a speedy trial. During the hearing on the motion, trial counsel offered evidence which showed that while charges were pending, accused had applied for an administrative discharge for the good of the service under Chapter 10 of Army Regulation 635-200. It was also brought out that 7 days later, defense counsel requested a postponement of trial "until completion of action" on the application for discharge, which application ultimately was disapproved.

To avoid being charged with responsibility for the period of delay requested, defense counsel contended it was "well accepted and known policy" in the command having jurisdiction of the case that submission of an application for discharge would result not only in a "stay" of court-martial proceedings, but also withdrawal of the "case file . . . from the defense counsel" so that it would "no longer [be] considered an active case by him." To support his argument, defense counsel sought to call the staff judge advocate as a witness and without alleging that he would be a hostile witness, represented that he felt he "might be more effective in producing . . . [the] evidence if the witness were not, in fact, . . . [his] witness." The judge, however, declined to call the staff judge advocate "as a [court] witness" and thereupon, the defense counsel did call him as his witness.

The staff judge advocate testified to the policy regarding the removal of a file from defense counsel upon submission by the accused of an application for discharge and his description of the policy accorded with that which defense counsel presented in his argument on the motion. He stated that upon withdrawal of the case file from defense counsel, the case was no longer "active . . . on the docket until disposition of the request . . . for discharge." In response to questioning by trial counsel, the staff judge advocate did acknowledge that with-drawal of the case file imposed no "absolute prohibition" upon counsel to proceed to trial but it would "probably be difficult" for him to do so because "he didn't have the file to remind him of the case."[1] Moreover, when questioned by the military judge, the staff judge advocate maintained that withdrawal of the case file did not sever the attorney-client relationship between defense counsel and the accused.

Although the military judge denied the motion to dismiss the charge on the grounds of speedy trial, the staff judge advocate did include in his review of the record a discussion of the motion and also set out his own testimony.[2] Nevertheless, the Court of Military Review held that it was error for the staff judge

---

[1] Because this policy has the appearance of an attempt to interfere with defense counsel in representing his client, it would be well to end the same. United States v Tavolilla, 17 USCMA 395, 399, 38 CMR 193, 197 (1968); United States v Kitchens, 12 USCMA 589, 592 n. 3, 31 CMR 175, 178 (1961).

[2] It has been contended that there are material deficiencies in the review on this matter. However, this appeal is not concerned with the sufficiency of the review. Accordingly, no opinion is expressed as to the merits of these contentions.

advocate to prepare the post-trial review and accordingly ordered a new review and action, which holding gives rise to the two issues now before this Court.

■ With regard to the first issue, Article 6(c), Uniform Code of Military Justice, 10 USC § 806, provides that a person may not act as staff judge advocate to a reviewing authority if he has previously acted in the same case as counsel or in other listed capacities. Testifying as a witness is not among the enumerated acts that are disqualifying. However, Article 25(d)(2), UCMJ, 10 USC § 825, disqualifies a court member who is a "witness for the prosecution." And Article 26, UCMJ, 10 USC § 826, disqualifies a military judge for the same reason. These provisions suggest that Congress regarded testimony as a witness for the prosecution by one having other important responsibilities in a court-martial proceeding as disqualifying for later action in the case. The reason for the disqualification is obvious—a person who testifies in a case and later has to assess his own testimony is not likely to give it less than absolute credibility and the fullest possible effect. Moreover, this same basis for disqualification would apply equally to a witness called by the defense. In either case, however, and in the absence of a specific statutory disqualification, any presumption that a witness cannot later render an impartial evaluation of the case is rebuttable.

■ This Court has recognized that there could be situations where the act of testifying as a witness does not automatically result in the person forfeiting his impartiality and thereby becoming disqualified to review the trial. Such a situation was presented in *United States v McClenny*, 5 USCMA 507, 18 CMR 131 (1955); *United States v Taylor*, 5 USCMA 523, 18 CMR 147 (1955); and *United States v Long*, 5 USCMA 572, 18 CMR 196 (1955). Each of those cases posed a problem for consideration which was premised on the fact that a prosecution witness at trial had acted later as the convening authority in reviewing and approving the findings and sentence. After noting the absence of any statutes or regulations prohibiting review by a reviewing authority who had been a witness in the case, it was held that the test to be applied was "objective reasonableness," that is, "[i]f from his testimony, it appears that he has a personal connection with the case, he may not act as reviewing authority. On the other hand, if his testimony is of an official or disinterested nature only, he may properly review the record."[3] As apparent from the foregoing, disqualification depends on whether the convening authority is put in the position of weighing his testimony against or in light of other evidence which conflicts with or modifies his own. Furthermore, this test is controlling in the case of a staff judge advocate to the reviewing authority, as presented here, because, as noted in *United States v White*, 10 USCMA 63, 64, 27 CMR 137, 138 (1958), "[i]t is but necessary and logical to apply the same rule [concerning the qualifications of a staff judge advocate to review a record of trial] to the convening authority himself." This case being simply the reverse of the situation in *United States v White, supra*, the principle enunciated in the *McClenny* line is apposite.

■ Examining the testimony that was given by the staff judge advocate in this light, and even conceding that he would unavoidably credit it, it shows that the unrebutted facts to which he testified, with only a single exception, were precisely those desired to be elicited by defense counsel. The exception is that in response to a question by the military judge, the staff judge advocate stated that the withdrawal of the case file from defense counsel did not terminate the attorney-client relationship. The impact of this testimony, however, was substantially tempered by his admission that such withdrawal would make it difficult for counsel to proceed to trial. Treated as a whole, therefore, the uncontested testimony by the staff judge advocate shows that his only connection with the case was completely official. There was nothing to sustain any finding that he was personally involved or had any interest other than official in the procedure about which he testified. Accordingly, he was not disqualified to act as

---

[3] United States v McClenny, 5 USCMA 507, 513, 18 CMR 131, 137 (1955).

adviser to the reviewing authority and the first question must be answered in the negative. This answer, in turn, makes it unnecessary to consider the second certified question.

The decision of the Court of Military Review is reversed and the case is remanded to the Judge Advocate General for further proceedings in the Court of Military Review.

Senior Judge FERGUSON concurs.

Judge QUINN did not participate in the decision of this case.