UNITED STATES, Appellee,

v.

James R. GLADDEN, Jr., Private, U. S. Army, Appellant.

No. 28,919.

U. S. Court of Military Appeals.

April 18, 1975.

*Captain Pete M. Dalmut* argued the cause for Appellant, Accused. With him on the brief were *Colonel Victor A. DeFiori, Major James Kucera, Captain Michael L. Quirk* and *Captain Anthony J. Siano.*

*Captain Keith H. Jung* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen,* and *Captain Joel M. Martel.*

## OPINION OF THE COURT

FERGUSON, Senior Judge:

This appeal brings up for review the question of whether a sergeant, who participated as a member of the general court-martial that convicted the accused, had been properly detailed to the court and the correctness of the procedure used by the Court of Military Review to decide the question against the accused.

When the case was before the Court of Military Review, the accused contended the court-martial that tried him could not have lawfully proceeded because one of the enlisted members had not been duly detailed as a court member.[1] In opposing the contention, the Government furnished the court with an affidavit from the staff judge advocate of the command which had convened the court-martial. The staff judge advocate averred that, "on the day of trial," which was May 18, 1973, he had "secured" the appointment of the challenged member by the acting commander. Accused's counsel attacked the affidavit on two grounds. First, he contended that it did not indicate the member had been detailed before the court-martial assembled. Secondly, he argued that the affidavit did not constitute,

and could not operate as, a written order confirming an ostensible previous oral appointment.[2] Counsel expressed the opinion that any written order that might then be promulgated would be so stale as not to be entitled to "the presumption of regularity," or would have so little weight as to be insufficient to satisfy the Government's burden of demonstrating the due appointment of the court member.

On its own motion, and allegedly without notice to the parties, the Court of Military Review wrote to the court-martial command. It advised that to determine the jurisdictional issue in the case, it required "verification in affidavit form" that the enlisted member had been duly appointed by oral order "prior to his entry in the courtroom." It also indicated that, "if appropriate," copies of the written order "confirming" the oral order should be submitted with the affidavit.

At the time of the court's request, a different officer was in command of the general court-martial jurisdiction than the one who had, according to the staff judge advocate's affidavit, detailed the member by oral order. This officer responded to the court's letter by forwarding a copy of the cited affidavit and a written order. The latter recited that the enlisted member "is detailed" to the court-martial for the trial of the accused, and the detail was in confirmation of a verbal order on May 18, 1973, by the acting commander.

Upon learning of these matters, defense counsel moved for discovery and for written interrogatories to determine whether the "information available to the officials preparing and authenticating the written order" supported the representations of fact they had made. Government counsel opposed the motions as "fishing expeditions." The court denied the motions, and affirmed the accused's conviction, without reasons and without indication of the basis upon which it had resolved the issue as to the

1. *See United States v. Harnish*, 12 U.S.C.M.A. 443, 31 C.M.R. 29 (1961).

2. *See* Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 37*c*, and Appendix 4 at A4–1; AR 27–10, paragraph 12–2, change 3, May 27, 1969.

membership of the court. Thereupon, defense counsel moved for a rehearing. This motion was denied.

■ Government counsel contend that "considered independently," the staff judge advocate's affidavit is itself sufficient evidence of the timely oral appointment of the court member. The difficulty within this contention is that the affidavit was accepted by the court without according the accused the opportunity to rebut its factual representations. In *United States v. Hurt*,[3] we said:

> As a general rule, a party to a proceeding who will be affected by a proposed action therein is entitled to notice of the action and to an opportunity to present his views in regard to it. On principle, therefore, the board of review [now Court of Military Review] should have informed counsel of its request for the seat cover and of its proposed examination of it. The board of review should also have accorded counsel an opportunity to explain or refute the proposed use of the exhibit.

■ As to the written confirming order, the Government maintains that, notwithstanding the tardiness of its promulgation, the order is admissible evidence of the fact that the court member had been duly appointed by oral order.[4] This contention is not responsive to the defense objection. Accused's counsel acknowledge that, as an official authenticated document, the order may be evidence of the recorded facts, but the evidence, they insist, is rebuttable.[5] Our cases sustain that contention.[6] More-

over, the rebuttal can challenge the correctness of the information upon which the reporting official relied.[7] What we said in regard to a similar question dealing with a delayed morning report entry which changed accused's status from duty to absence without authority is appropriate here. "The defense," we said, "may always examine the one who made the entry in order to ascertain the truth of the facts or events recorded." *United States v. Takafuji*, 8 U.S.C.M.A. 623, 626, 25 C.M.R. 127, 129 (1958).

■ For the reasons noted, we hold that the accused was not accorded "a full and fair hearing" as to the extra-record matters considered by the Court of Military Review in resolving against him the issue presented by the record of trial. *United States v. Long*, 5 U.S.C.M.A. 572, 574, 18 C.M.R. 196, 198 (1955). In *United States v. Carey*, 23 U.S.C.M.A. 315, 316, 49 C.M.R. 605, 606 (1975), we observed that the requirements of law and the demands of fundamental fairness will not tolerate "indefinite delay" in correction of a jurisdictional defect of the kind present in this case. We do not consider it appropriate to continue these proceedings any further.

The decision of the Court of Military Review is reversed. The findings of guilty and the sentence are set aside and the charges are ordered dismissed.

Judge COOK concurs.

Judge QUINN did not participate in the decision of this case.

---

3. 9 U.S.C.M.A. 735, 751, 27 C.M.R. 3, 19 (1958); cf. *United States v. Brown*, 23 U.S.C.M.A. 162, 163 n. 1, 48 C.M.R. 778, 779 (1974). *See also United States v. Long*, 5 U.S.C.M.A. 572, 574, 18 C.M.R. 196, 198 (1955).

4. *United States v. Wolfrey*, 15 C.M.R. 768 (AFBR 1954).

5. For the purposes of this appeal, we need not decide whether the confirming order comports with the requirement of AR 27–10, paragraph 12–2, change 3, May 27, 1969, that "Oral convening orders will be confirmed by written orders as soon as practicable," as to entitle it to

consideration as an official record or business entry. *See United States v. Carey*, 23 U.S.C.M.A. 315, 49 C.M.R. 605 (1975); *United States v. Anderten*, 4 U.S.C.M.A. 354, 15 C.M.R. 354 (1954) (concurring and dissenting opinions). *See also United States v. Kilbreth*, 22 U.S.C.M.A. 390, 47 C.M.R. 327 (1973).

6. *United States v. Long, supra; United States v. Anderten, supra.*

7. *United States v. Evans*, 21 U.S.C.M.A. 579, 582, 45 C.M.R. 353, 356 (1972).