**UNITED STATES, Appellee,**

v.

**Private First Class Bienvenido C. BAEZ–MARTINEZ, SSN 089–52–4250, United States Army, Appellant.**

**SPCM 12645.**

U. S. Army Court of Military Review.

16 June 1977.

---

Captain Steven J. McAuliffe, JAGC, argued the cause for the appellant. With him on the brief were Colonel Robert B. Clark, JAGC, Lieutenant Colonel John R. Thornock, JAGC, and Captain David D. Hostler, JAGC.

Captain Dana C. McCue, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, and Captain Gary F. Thorne, JAGC.

Before JONES, FULTON and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted, contrary to his pleas, of larceny (two specifications), forgery, and carrying a concealed weapon in violation of Articles 121, 123 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 923 and 934. The convening authority approved the sentence adjudged by the court—bad-conduct discharge, forfeiture of $200.00 pay per month for five months, confinement at hard labor for five months, and reduction to the grade of Private E–1. We are reviewing the case pursuant to Article 66, UCMJ.

The question before us concerns the right to a speedy post-trial review and more specifically, whether a prolonged illness is an extraordinary circumstance sufficient to excuse a delay in the convening authority's action beyond the 90-day period established in *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974).

■ The convening authority took his action 143 days after the date of trial. The appellant was in continuous confinement for 127 of those days. There were no defense requested delays. Thus the *Dunlap* 90-day rule was applicable and the Government had a "heavy burden . . . to show diligence. . . ." The Government may meet its heavy burden by "demonstrat[ing] that really extraordinary circumstances beyond such normal problems as mistakes in drafting, manpower shortages, *illnesses* and leave contributed to the delay." *United States v. Marshall*, 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973) (emphasis added).

Illness was one of the foreseeable events taken into account in setting the 90-day post-trial review rule. We believe, however, that the type illness contemplated was the common short term illness, the average one of which would not substantially interfere with post-trial processing. Just as manpower shortages became extraordinary circumstances when they involved the investigation of the *Forrestal* fires, *United States v. Johnson*, 23 U.S.C.M.A. 91, 48 C.M.R. 599 (1974), so, too, may the illness of the court reporter become extraordinary when it is so extended and serious as to preclude further work and require eventual retirement.

■ The reporter in this case had transcribed about half the record when she became ill. An attempt was made to have her shorthand notes transcribed by another reporter but this was unsuccessful. The staff judge advocate was then confronted with the alternatives of directing a rehearing or awaiting the recovery of the reporter. He chose to follow the latter course. As soon as the reporter was partially recovered, she dictated her notes on tape, thereby enabling another reporter to complete the transcription.

We reject the appellant's contention that the delay is fatal because it could have been avoided by reasonable diligence in providing a backup recording system or in requiring the reporter to devote her entire effort after the trial to this case. Both of these alternatives are based on the premise that the staff judge advocate should have foreseen the lengthy illness or at least should have provided for such a contingency. First, the prolonged illness of a court reporter or the breakdown of a recording device are not such common occurrences as to require the additional expense and effort of providing a dual reporting system for all trials. Second, the fact that the reporter could have finished the record prior to her illness had she devoted sufficient time to it (total time to prepare record was 12–14 days) does not preclude consideration of extraordinary circumstances. We must view the entire period from trial to convening authority's action and evaluate the special circumstances in the light of the overall activity. The staff judge advocate must have the flexibility to set priorities within his limited resources. We decline to establish a rule that would in effect preclude a court reporter from working on other cases or matters, once involved in a particular case.

At the time this reporter became ill, she had approximately six days work remaining on the record and more than seven weeks in which to accomplish it. Her superior's decision to have her devote most of her time in the prior six weeks to other projects does not preclude the Government from later claiming that extraordinary circumstances excused the compliance with *Dunlap*.

We hold that this prolonged and serious illness was an extraordinary circumstance justifying processing time in excess of 90 days, and that the Government has properly asserted this to overcome its heavy burden. *Cf. United States v. Johnson, supra.*

█ Finally, the appellant argues that this Court may not decide this issue adversely to him without according him an evidentiary hearing on the factual matters contained in the affidavits, statements, and allied papers. On the other hand he asks that we rule in his favor on the basis of those same affidavits, statements and allied papers.

We are aware, of course, that this Court may not go outside the record in determining questions of guilt or innocence. *United States v. Bethea*, 22 U.S.C.M.A. 223, 46 C.M.R. 223 (1973). However, the issue here goes not to guilt or innocence but to posttrial procedures. We see nothing improper or unfair in deciding that issue on the record, allied papers, and other documents properly before us. Had the Court of Military Appeals intended that an evidentiary hearing be a prerequisite to a ruling adverse to appellant on this issue, that Court would have so stated in *Dunlap*.

Appellant has had a full and fair hearing before this Court. He has had the opportunity to rebut any matters in the record. He has chosen not to do so. He cannot now be heard to complain. *Cf. United States v. Gladden*, 23 U.S.C.M.A. 381, 50 C.M.R. 158, 1 M.J. 12 (1975).

The findings of guilty and the sentence are affirmed.

Judges FULTON and FELDER, concur.